**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**ONEBEACON AMERICA INSURANCE COMPANY,**
**Plaintiff,**

**vs.**

**H.R.M., INC. (d/b/a Safe/Sea Marine Rescue & Assistance),**
**Defendant.**

**CIVIL ACTION NO:**

CA 07 370 S

**PLAINTIFF'S COMPLAINT TO VACATE & MODIFY THE FINAL ARBITRATION AWARD ISSUED BY THE BOAT OWNERS ASSOCIATION OF THE UNITED STATES**

Now comes the plaintiff, OneBeacon America Insurance Company, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and hereby files its Complaint to Vacate & Modify the Final Arbitration Award issued by the Boat Owners Association of the United States.

**PARTIES**

1. OneBeacon America Insurance Company is a foreign corporation with a principal place of business at One Beacon Street, Boston, Massachusetts.

2. H.R.M., Inc. is a company created and existing pursuant to the laws of the State of Rhode Island, and has a principal place of business at 60 Reynolds Street, Wickford, Rhode Island.

**STATEMENT OF FACTS**

3. At all material times herein, OneBeacon America Insurance (hereinafter "OneBeacon") insured the M/V SPRAY under a Protection & Indemnity policy obtained by its owner, David Pickering, 293 Grand View Drive, Warwick, Rhode Island.

4. At all material times herein, Mr. Pickering was a Member of the Boat Owners Association of the United States (hereinafter "Boat U.S.").

5. HRM, Inc. is a professional salvage company offering marine rescue and assistance, and is also the local representative for Boat U.S.

6. On September 23, 2006, the M/V SPRAY was docked at Dickerson's Marina in Apponaug, Rhode Island pursuant to a Slip Agreement.

7. Mr. Pickering arrived at his vessel at approximately 1530 hours and observed that it was sitting approximately eight (8) inches lower in the water than usual.

8. Upon opening the vessel's cabin door, Mr. Pickering observed approximately four (4) inches of water. He opened the engine hatch and noticed about one (1) foot of water in the engine compartment. The water

had not risen to the level of the engine, but the engine reduction gear was partially submerged.

9. As a Boat U.S. Member for many years with unlimited towing coverage, Mr. Pickering contacted the defendant, the local Boat U.S. representative, and requested assistance.

10. While waiting for the defendant's arrival, the volume of water in Mr. Pickering's vessel did not increase, further confirming his assessment that water was entering at an exceptionally slow rate.

11. The defendant arrived within thirty (30) minutes. After boarding the vessel and performing a brief inspection, the defendant's employee (Andrew Casey) could not determine the source of the leak.

12. Mr. Casey confirmed that the vessel was not leaking excessively and that he had two (2) submersible pumps onboard his vessel, which were capable of dewatering the vessel.

13. Mr. Casey then presented a blank Standard Form Marine Salvage Contract to Mr. Pickering and stated that he could not offer any assistance unless he completed and signed the contract.

14. Mr. Pickering did not possess any knowledge concerning pure salvage, contract salvage, or the

1989 International Convention on Salvage, but nonetheless signed the contract. Paragraph No. 6 of the contract states:

> "In the event of any dispute regarding this salvage or concerning the reasonableness of any fees or charges due hereunder, all parties agree to binding arbitration under The Boat/U.S. Salvage Arbitration Plan." *A copy of the contract is attached hereto as Exhibit "A."*

15. After receiving the signed contract, Mr. Casey dewatered the vessel by placing a submersible pump in its engine compartment and cabin. Mr. Casey was only on-scene for approximately forty-five (45) minutes.

16. On October 9, 2006, Mr. Pickering received an $11,000.00 invoice for forty-five (45) minutes of service that the defendant rendered to his vessel on September 23, 2006.

17. Pursuant to the terms of the contract, the matter was submitted to the Boat U.S. Salvage Arbitration Plan for determination on or about February 22, 2007. *Attached hereto as Exhibit "B" is the Agreement to Arbitrate.*

18. The plaintiff appointed Attorney Dante Mattioni as its party-appointed Arbitrator and the defendant appointed John C. Koster. The party-appointed

Arbitrators selected Christian Keedy as the third Arbitrator.

19. The Majority issued its Final Award on July 23, 2007.[1] The Majority awarded the defendant a pure salvage award of $4,500.00, interest at a per diem rate of $2.22, and its attorney's fees and costs in the amount of $4,636.28. The Majority also awarded the defendant its arbitration costs in the amount of $1,575.00. *The Final Award is attached hereto as Exhibit "C."*

20. The Boat U.S Salvage Arbitration Plan specifically states that "all fees and expenses of the Arbitration Panel and the Arbitration Administrator shall be equally between the parties to arbitration." *The relevant portions of the Boat U.S. Salvage Plan are attached hereto as Exhibit "D."*

21. On July 28, 2007, plaintiff's counsel sent a letter to the Boat U.S. Administrator requesting the Majority to clarify the portion of the Final Award relating to arbitration costs. *A copy of said letter is attached hereto as Exhibit "E."*

22. On July 30, 2007, the Boat U.S. Administrator forwarded a copy of plaintiff counsel's July 28, 2007

[1] Attorney Mattioni dissented.

letter to Attorney Keedy and requested clarification. As stated therein, the Boat U.S. Administrator acknowledged that arbitration costs are not to be included in the Final Award. *A copy of said letter is attached hereto as Exhibit "F."*

23. On July 31, 2007, the plaintiff sent the defendant a check in the amount of $9,733.46, which represented the portion of the Final Award relating to pure salvage ($4,500.00), attorney's fees and costs ($4,636.28), and prejudgment interest ($597.18). This payment did not include the awarded arbitration costs.

24. On August 6, 2007, the Boat U.S. Administrator informed the parties to disregard her July 30, 2007 letter to Attorney Keedy, and to seek clarification "through legal channels." *A copy of said letter is attached hereto as Exhibit "G."*

25. On August 7, 2007, plaintiff's counsel sent a facsimile to the Boat U.S. Administrator advising her that the defendant had rejected the plaintiff's payment. *A copy of said facsimile is attached hereto as Exhibit "H."*

26. Despite seeking clarification for the award of arbitration costs, the Majority has refused to properly address the issue.

**JURISDICTION & VENUE**

27. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1333 & 9 U.S.C.A. §1 and venue is proper according to 28 U.S.C.A. §1391 & 9 U.S.C.A. §9.

**COUNT I**
*9 U.S.C.A. §10*

28. The plaintiff reaffirms and re-alleges the allegations set forth in Paragraph Nos. 1 through 27 inclusive, and incorporate same as if fully set out herein.

29. By requiring the plaintiff to satisfy the defendant's arbitration costs, the Arbitration Panel violated the terms of the Boat U.S. Salvage Arbitration Plan.

30. By requiring the plaintiff to satisfy the defendant's arbitration costs, the Arbitration Panel exceeded its powers pursuant to 9 U.S.C.A. §10.

31. The Arbitration Panel has not acted in good faith by refusing to clarify the basis of its award for arbitration costs.

**WHEREFORE**, the plaintiff, OneBeacon America Insurance Company, prays that this Honorable Court vacate the portion of the Final Award relating to arbitration costs ($1,575.00).

**COUNT II**
*9 U.S.C.A. §11*

32. The plaintiff reaffirms and re-alleges the allegations set forth in Paragraph Nos. 1 through 31 inclusive, and incorporate same as if fully set out herein.

33. On July 31, 2007, the plaintiff sent the defendant a check in the amount of $9,733.46, which represented the portion of the Final Award relating to pure salvage ($4,500.00), attorney's fees and costs ($4,636.28), and prejudgment interest ($597.18). The check did not include the award of arbitration costs.

34. On August 7, 2007, the defendant rejected the plaintiff's payment and, therefore, has waived and is not entitled to any prejudgment interest that accrues after July 31, 2007.

**WHEREFORE**, the plaintiff, OneBeacon America Insurance Company, prays that this Honorable Court modify the portion of the award relating to the date that prejudgment interest no longer accrues.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

Robert E. Collins

Robert E. Collins
BBO NO: 2951
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: October 3, 2007