BoatU.S.

# SALVAGE ARBITRATION PLAN

BoatU.S.

BOAT OWNERS ASSOCIATION OF THE UNITED STATES

## A. Plan Benefits

Participants in this Plan are benefited by:

- an arbitration panel comprised of marine professionals who apply their knowledge and understanding of recreational boat salvage
- an Admiralty Attorney as the panel Chairman assuring proper application of law
- a speedy resolution of the dispute
- sharply reduced cost, in comparison to court proceedings as well as other available arbitration plans
- an Award supported by the fully reasoned, written opinion

## B Costs and Time Involved

The arbitration fees are split equally between the two parties. The maximum cost per party is **$1,575.00** . There are no travel or hearing costs, or additional legal expense associated with this plan. Fees are collected at the end of the procedure (no pre-arbitration set up costs).

The following chart outlines the time involved in resolving the dispute and notes the amount of time allowed for the various stages of the process. This plan provides for a quick resolution with the average procedure concluded within **84 days.**

| | |
|---|---|
| Day 1 | Agreement to Arbitrate submitted |
| Day 14 | Deadline for arbitrator selection |
| Day 42 | Deadline for submitting case presentation |
| Day 56 | Deadline for submitting rebuttal |
| Day 84 | Award decided by panel |
| Immediately upon receipt | Award decision distributed to all parties |



# II. Before Arbitration

## A. Duty to Utmost Good Faith and Full Disclosure

1. All parties shall deal fairly, honestly and with utmost good faith in the handling of salvage operations, salvage contracts, and negotiations seeking a just and reasonable payment for salvage services.

2. Wherever information must be disclosed such as the conditions under which the salvage operation was performed, the value of the Yacht, insurance coverage or the basis of the salvage billing, all information shall be completely and fully disclosed.

## B. Salvage Billing Practices

1. Upon completion of the job and delivery to a safe port, Salvor shall present to the Underwriter's Agent and/or the salved vessel's Owner a billing for services rendered. The bill must be on the basis of a flat contract price, or time and equipment in accordance with published rates, or based on a percentage of after-salvage, pre-repair fair market value of the vessel or property saved, whichever was agreed to at the time the salvage took place. Salvor should include with the billing any background information regarding the salvage operation that supports the amount of the bill presented.

2. If requested by the Salvor, or in the event of any disagreement over the reasonableness of the Salvor's billing, the Underwriter (or an uninsured Owner, if applicable) shall disclose, without prejudice, the pre-casualty current market value and insured value of the salved vessel and its equipment as well as the believed post-casualty, pre-repair fair market value "as is" (after salvage but before repairs). Any supporting information or opinions obtained from a marine survey of the yacht or repair facility estimates or invoices shall also be disclosed as soon as practicable. Any Coast Guard or Marine Patrol accident reports shall also be provided to Salvor if requested.

3. In the absence of any reservation of rights for policy coverage defenses, the Salvor shall accept Underwriter's Letter of Undertaking as security for any maritime lien and in lieu of any arrest or attachment of the Yacht. The Letter of Undertaking shall serve as bond for payment of any salvage claim award, including but not limited to interests and costs.

4. In the event the Yacht is not insured or Underwriter's Letter of Undertaking contains a policy reservation of rights not withdrawn on or before the thirtieth (30th) day following delivery of the Yacht, Salvor may resort to all legal remedies to assure collection of fees from the Yacht and/or its Owner or may agree with Owner to accept owner's surety bond and/or convene arbitration under this Plan.

## III. Arbitration Process and Procedure

### A. Request to Convene a Panel

1. In the event the parties to any billing dispute cannot reach an agreement on the reasonable fees for services rendered, and when the parties have agreed by stipulation or otherwise to arbitrate under the Association's Arbitration Plan, the parties may request that Arbitration be convened. A request to convene Arbitration may be made at any time but should generally be requested only after good faith negotiations between the parties have been exhausted.

2. Notice of the request for arbitration shall be sent in writing to all interested parties and to the Boat Owners Association of The United States Office of Salvage Arbitration, 880 South Pickett Street, Alexandria, VA 22304. Upon receipt of the request for arbitration, the Administrator will send the "Agreement to Arbitrate" form to both parties. Submission of the form constitutes an agreement that this arbitration is final and binding on all parties and in lieu of any legal or other proceedings. If either party fails to submit the "Agreement to Arbitrate" form within five (5) days, the Administrator will advise both parties to pursue appropriate legal remedies. The parties agree that the Award issued as a result of their case may be published by Boat Owners Association of The United States and/or its correspondents.



3. All parties to Arbitration must select an arbitrator from the current list of the Association's Arbitrators (or agree to a sole Arbitrator selected from the Admiralty Attorney List) within **fourteen (14)** days of the Administrator's notice of a request to convene a Panel. If either or both parties fail to timely select an Arbitrator, and an "Agreement to Arbitrate" form has been filed by both parties, the Administrator shall select one at random for such party from the current list of Arbitrators and shall so advise each party in writing. In such an event, the panel shall be three (3) members and not a sole arbitrator. If no "Agreement to Arbitrate" has been submitted, the parties will be advised to pursue appropriate legal remedies.

### B. Arbitration Fees and Expenses

All fees and expenses of the Arbitration Panel and the Arbitration Administrator shall be equally between the parties to arbitration. The maximum amount any party to this arbitration process would pay is **$1,575.00** . The fee schedule is as follows:

**1. Each Arbitrator shall be paid an hourly fee of $100 for a maximum of seven (7) hours time, plus expenses.**

**2. The Arbitration Panel Chairman shall be paid an hourly fee of $125 for a maximum of twelve (12) hours time, plus expenses.**

3. The Arbitration Administrator shall be paid a flat fee of $250

4. Arbitrator's direct expenses shall be limited to photocopying at 25 cents per page, mailing charges, telephone or fax charges. Travel is not necessary to render a decision. Other expenses are subject to review by the Administrator. Payment of the arbitrators' direct expenses are made by the Administrator and are not the responsibility of the parties to arbitration.

5. In the event the parties agree to a sole Arbitrator to resolve the dispute, the sole Arbitrator will be selected from the Association's current arbitrators list of Admiralty Attorneys. This Arbitrator shall be entitled to the same rate and expenses as that of a Chairman with a maximum of **fifteen (15)** hours time and the Administrator fee shall be reduced to $125.