UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff, C.A. No.: 1:07-cv-00370-S-DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

-----------------------------------------------------------X

**ANSWER TO PLAINTIFF'S COMPLAINT,**
**WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant H.R.M., Inc. d/b/a Safe/Sea[1] (hereinafter "HRM") answers Plaintiff One Beacon America Insurance Company's Complaint upon information and belief as follows:

1. Admits the allegations contained in paragraphs 2, 17, 18, and 19.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 3, 4, 7, 8, 14, 21, and 25 such that it must therefore deny these allegations.

3. Denies the allegations contained in paragraphs 10, 22, 26, 27, 28, 29, 30, 31, and 32.

4. Admits that HRM is a professional salvage company, but except as so specifically admitted denies the remaining allegations contained in paragraph 5.

---

[1] Plaintiff's complaint incorrectly states that H.R.M., Inc. does business as "Safe/Sea Marine Rescue & Assistance."

5. Admits that on September 23, 2006, the M/V SPRAY was docked at Dickerson's Marina located in Apponaug, Rhode Island, but except as so specifically admitted denies the remaining allegations of paragraph 6.

6. Admits that Mr. Pickering contacted HRM, but except as so specifically admitted denies the remaining allegations of paragraph 9.

7. Admits that HRM promptly arrived on scene with the M/V SPRAY, but except as so specifically admitted denies the remaining allegations of paragraph 11.

8. Admits that HRM's vessel is equipped with dewatering pumps, but except as so specifically admitted denies the remaining allegations of paragraph 12.

9. Admits that HRM presented a salvage contract to Mr. Pickering, but except as so specifically admitted denies the remaining allegations of paragraph 13.

10. Admits that Mr. Pickering signed the Salvage Contract and that HRM successfully dewatered the vessel, but except as so specifically admitted denies the remaining allegations of paragraph 15.

11. Admits that HRM sought a salvage award in the amount of $11,000.00 for the services it rendered on September 23, 2006, but except as so specifically admitted denies the remaining allegations of paragraph 16.

12. Admits that the quoted language is set forth on page 2 of the Salvage Arbitration Plan under the heading "Costs and Time Involved", but except as so specifically admitted denies the remaining allegations of paragraph 20.

13. Admits that a check was received by HRM in the amount of $9,733.46, but except as so specifically admitted denies the remaining allegations of paragraph 23.

14. Admits that a communication dated August 6, 2007 from Ms. Caroline Ajootian of BoatU.S. stated "Please disregard my fax message of July 30, 2007 regarding my questions about the Award . . . . My reaction to the Award, which includes that One Beacon pay the salvor's share of the arbitration fees, was over-hasty", but except as so specifically admitted denies the remaining allegations of paragraph 24. (Emphasis added.)

15. Admits that a check was received by HRM in the amount of $9,733.46, but except as so specifically admitted denies the remaining allegations of paragraph 33.

16. Admits that HRM rejected the partial payment tendered by Plaintiff, but except as so specifically admitted denies the remaining allegations of paragraph 34.

**AS AND FOR ITS AFFIRMATIVE DEFENSES, HRM STATES UPON INFORMATION AND BELIEF AS FOLLOWS**

First Affirmative Defense

17. Plaintiff's Complaint violates the specific statutory requirements for seeking to vacate or modify an arbitration award as set forth in the Federal Arbitration Act, 9 U.S.C. § 6, and the Complaint should therefore be dismissed with prejudice.

Second Affirmative Defense

18. Plaintiff's Complaint fails to state a cause of action.

Third Affirmative Defense

19. Plaintiff's Complaint fails to state a cause of action upon which relief can be or should be granted.

Fourth Affirmative Defense

20. The Court lacks subject matter jurisdiction over the claims asserted in Plaintiff's Complaint.

Fifth Affirmative Defense

21. To the extent Plaintiff is entitled to relief, which is expressly denied, Plaintiff waived its right to seek this relief by reason of its failure to raise the same before the Arbitrators.

Sixth Affirmative Defense

22. Plaintiff lacks standing to seek vacator or modification of the Final Award.

**AS AND FOR ITS COUNTERCLAIMS AGAINST PLAINTIFF, HRM ASSERTS UPON INFORMATION AND BELIEF AS FOLLOWS**

First Counterclaim

(Confirmation And Enforcement Of The Final Award)

23. HRM repeats and reasserts each and every admission, denial and other averment set forth in the preceding paragraphs.

24. HRM is a business entity organized and existing under the laws of the State of Rhode Island and with its principal place of business located in Wickford, Rhode Island.

25. At all relevant times, HRM was engaged in the business of commercial marine assistance.

26. On September 23, 2006, HRM provided salvage services to the M/Y SPRAY pursuant to a Salvage Contract signed by the vessel's owner.

27. Thereafter, HRM timely demanded payment which demand was rejected and, ultimately, the matter was arbitrated in accordance with the terms of the Salvage Contract.

28. Under cover letter dated July 23, 2007, a Final Award issued providing HRM with a salvage award, and attorneys' fees and costs including the costs of arbitration. (A copy of the Final Award is attached as Exhibit "C" to the Plaintiff's Complaint.)

29. The Arbitrators acted within their authority in issuing the award.

30. HRM has met the requirements under the § 9 of the Federal Arbitration Act and is entitled to an Order confirming and enforcing the Final Award.

Second Counterclaim

(Attorneys' Fees And Costs)

31. HRM repeats and reasserts each and every admission, denial and other averment set forth in the preceding paragraphs.

32. Without factual or legal basis otherwise, One Beacon Insurance has failed and refused to pay the arbitration award choosing instead to tender payment of only a portion of the Final Award.

33. One Beacon Insurance has improperly instituted this action with a complete disregard for the requirements set forth at § 6 of the Federal Arbitration Act and, presumably, for the wrongful purpose of seeking a more favorable procedural posture.

34. One Beacon Insurance has failed to set forth a supportable basis, much less a colorable basis, for seeking vacator or modification of the Final Award.

35. Accordingly, pursuant to the law of this Circuit and the Court's inherent powers, HRM respectfully seeks an award of attorneys' fees and costs in having to respond to this baseless Complaint.

WHEREFORE, HRM respectfully requests that this Honorable Court issue an Order: (1) dismissing Plaintiff's Complaint; (2) granting HRM's Counterclaim seeking the confirmation and enforcement of the Final Award pursuant to § 9 of the Federal Arbitration Act; (3) granting HRM's Counterclaim seeking an award of attorneys' fees and costs in having to respond to this Complaint; and (4) for such other, further or different relief as this Court deems just and proper.

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

October 19, 2007

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed this **ANSWER TO PLAINTIFF'S COMPLAINT, WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** on October 19, 2007. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly

- Of Counsel -
John K. Fulweiler, Esq.
DEORCHIS, WIENER & PARTNERS, LLP