UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------------X

ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 1:07-CV-00370-S-DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

-----------------------------------------------------------X

**OBJECTION TO COMPLAINT TO VACATE & MODIFY THE FINAL ARBITRATION AWARD ISSUED BY THE BOAT OWNERS' ASSOCIATION OF THE UNITED STATES AND CROSS-MOTION TO CONFIRM**[1]

Respondent H.R.M., Inc. d/b/a Safe/Sea[2] ("HRM"), hereby objects to the Complaint to Vacate & Modify the Final Arbitration Award of One Beacon America Insurance Company and cross-moves for an Order, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, confirming and enforcing the July 23, 2007 Final Arbitration Award.

HRM respectfully requests hearing on this objection and cross motion and estimates that such hearing may last 30 minutes. HRM submits herewith a supporting memorandum of law.

Respectfully submitted,

---

[1] The Federal Arbitration Act, 9 U.S.C. § 6, states the procedure by which a party makes application to vacate an arbitrator's award as follows: *Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.* Thus, HRM submits that One Beacon Insurance has commenced this action in an improper fashion. *See, e.g.*, Interior Finish Contrs. Ass'n v. Drywall Finishers Local Union No. 1955, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985). HRM treats the Plaintiff's Complaint as a "motion" and the herein pleading is its response in opposition. (As a prophylactic measure, and without conceding the appropriateness of Plaintiff's filing, HRM concurrently files herewith an Answer to Plaintiff's Complaint.)

[2] Plaintiff's complaint incorrectly states that H.R.M., Inc. does business as "Safe/Sea Marine Rescue & Assistance."

_/s/ Michael J. Daly__________

Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

----------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 1:07-CV-00370-S-DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO COMPLAINT TO VACATE & MODIFY THE FINAL ARBITRATION AWARD ISSUED BY THE BOAT OWNERS' ASSOCIATION OF THE UNITED STATES AND IN SUPPORT OF CROSS-MOTION TO CONFIRM[3]**

Respondent H.R.M., Inc. d/b/a Safe/Sea ("HRM"), submits this Memorandum of Law in Opposition to the Complaint to Vacate & Modify the Final Arbitration Award of One Beacon America Insurance Company [Dkt. 1] and in support of its cross-motion seeking an Order, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA"), confirming and enforcing the July 23, 2007 Final Arbitration Award ("Final Award").

---

[3] The Federal Arbitration Act, 9 U.S.C. § 6, states the procedure by which a party makes application to vacate an arbitrator's award as follows: *Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.* Thus, HRM submits that One Beacon Insurance has commenced this action in an improper fashion. *See, e.g.*, Interior Finish Contrs. Ass'n v. Drywall Finishers Local Union No. 1955, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985). HRM treats the Plaintiff's Complaint as a "motion" and the herein pleading is its response in opposition. (As a prophylactic measure, and without conceding the appropriateness of Plaintiff's filing, HRM concurrently files herewith an Answer to Plaintiff's Complaint.)

## PRELIMINARY STATEMENT

Three hundred and ninety one days ago, HRM saved a vessel from sinking, yet it continues to await payment for its services! In what is an outrageous and deliberate attempt to undermine an otherwise lawful salvage claim, the vessel interests (all stage-managed by One Beacon Insurance) have delayed and continuously misrepresented the facts of the incident.

Now, abandoning the charade, the vessel's insurer, One Beacon Insurance, files the instant action by itself to vacate or modify so much of the Final Award providing HRM with its arbitration costs. There is simply no legal or factual basis for the relief One Beacon Insurance seeks. One Beacon Insurance's Complaint should be dismissed (and the Final Award confirmed) because the Arbitrators acted within their authority in awarding HRM the cost of the arbitration; One Beacon Insurance failed to object to HRM's request for such costs during the course of the arbitration and therefore has waived and cannot now raise this assertion; One Beacon Insurance employs an incorrect procedure in commencing this litigation; and Plaintiff fails to meet the standards for vacator set forth in Section 10 of the Federal Arbitration Act ("FAA").

## STATEMENT OF FACTS

On September 23, 2006, HRM responded to a report of the M/V SPRAY flooding with seawater. HRM rendered its services pursuant to a Rhode Island Standard Form Marine Salvage Contract ("Salvage Contract"). The Salvage Contract was executed by the Owner of the M/V SPRAY without objection and it is undisputed that it is the document by which the Arbitration proceeded pursuant to an arbitration term contained therein. (See, Plaintiff's Complaint, ¶ 17) Among other things, the Salvage Contract contains specific language entitling the salvor (HRM) to "any costs" incurred in collection of payments.

Based on that language, and in addition to its salvage award, HRM sought attorneys' fees as well as the costs of the arbitration. In addition, at arbitration, HRM repeatedly underscored the importance of an award of fees and costs given the unjust and bad faith actions of the vessel interests in failing to act in a manner consistent with the Salvage Arbitration Plan's rules and blatantly misrepresenting various facts. At no time, did the vessel interests including One Beacon Insurance object to the authority of the Arbitrators to award the relatively nominal costs of the arbitration proceeding which amounted to $1,575.00.

Ultimately the Final Award issued providing HRM with a salvage award and its costs of collection including the sum of $1,575.00 which HRM incurred in arbitration costs.

## LAW AND ARGUMENT

### Point I

**One Beacon Insurance, By Failing To Object To HRM's Demand For Arbitration Costs During the Arbitration, Has Waived Its Right To Seek A Ruling From This Court On That Issue**

From the inception of the arbitration, HRM demanded, among other things, an award which included the costs of arbitration. This particular relief was set forth in HRM's Initial Submission and its Rebuttal Submission.[4] (Initial Submission, p. 13; Rebuttal Submission, p. 10) At no time, did any of the vessel interests (including One Beacon Insurance) object much less articulate a basis as to why HRM should not be entitled to such relief.[5] One Beacon Insurance, by failing to so much as address this specific element of HRM's requested relief, has

---

4 HRM's Initial Submission and Rebuttal Submission are annexed as exhibits to the accompanying Declaration of Michael J. Daly, Esq. For the sake of judicial economy, the somewhat voluminous exhibits accompanying the submissions are not included, but can be provided at the Court's request.

5 HRM's intent in seeking this relief was crystal clear. For instance, in its Initial Submission, HRM stated: *The arbitrators' fees in this matter cannot exceed $1,575.00 for each party per the terms of the Salvage Arbitration Plan. HRM seeks an award of its arbitrators' fees up to the maximum amount.*" (Initial Submission, p. 13) (Emphasis added.)

unequivocally waived its right to now litigate this issue. If One Beacon Insurance objected to the arbitrators considering HRM's request for arbitration costs, it had an obligation to present its challenge to the arbitrators. It did not. *See, e.g.*, International Chemical Workers Union, Local No. 566 v. Mobay Chemical Corp., 755 F.2d 1107, 1112 (4th Cir. 1985) ("If the union objected to the arbitrator's consideration of Mobay's specifications, it had an obligation to present its challenge to the arbitrator. The union could not voluntarily engage in the arbitration of the issues submitted to the arbitrator and then attack the award on grounds not raised before the arbitrator."); Detroit Newspaper Agency v. Newspaper Drivers & Handlers, Teamsters Local No. 372, 1994 U.S. App. LEXIS 37210 (6th Cir. Dec. 22, 1994) ("The union raised the § 25(g) issue several times during the hearing, and DNA failed to object to its consideration. Moreover, DNA devoted nearly half of its post-hearing brief to the merits of the issue and failed to object that the issue was not properly before the arbitrator. DNA, by its actions during arbitration, acquiesced to the arbitrator's decision to consider the § 25(g) issue and thereby waived its right to argue that the arbitrator exceeded his authority by considering that issue.") (Emphasis added.)

Furthermore, Courts are not empowered to restrict the scope of the authority the parties have conferred on the arbitrator. The Supreme Court has specifically instructed that "A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award. Arbitrators have no obligation to the court to give their reasons for an award." United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 598 (1960).

Point II

**Even If The Court Engages In A *De Novo* Judicial Review, Under The Applicable Facts And The Law, It Must Still Uphold The Arbitrators' Ruling Awarding The Costs Of Arbitration To HRM**

The arbitrators did not exceed their authority in awarding HRM, among other things, its costs of arbitration. The arbitration was commenced pursuant to HRM's Salvage Contract which was signed without objection by the vessel owner. Paragraph 7 of the Salvage Contract states as follows:

> Salvor may satisfy collection of fees or charges here under by recourse to any security posted and shall also be entitled to **any costs** incurred in collection of payments due hereunder including reasonable attorneys' fees.

(Emphasis added.)

The plain language of the Salvage Contract clearly embraces an award of whatever costs the Salvor (here, HRM) may incur in collecting payment for the services rendered. There is no other language in the Salvage Contract which restricts or otherwise narrows the very broad language of Paragraph 7.[6] Likewise, a reasonable reading of the Salvage Arbitration Plan fails to reveal any such strictures on the arbitrators which would prevent an award including the costs of arbitration.[7] A complete copy of the Salvage Arbitration Plan is attached hereto as Exhibit "C" to the Declaration of Michael J. Daly, Esq.

---

6 The July 30, 2007 letter from Ms. Caroline Ajootian to which One Beacon Insurance refers is factually wrong, is not credible and is not properly referred to in analyzing the Salvage Arbitration Plan and Salvage Contract. Furthermore, the letter was specifically revoked by Ms. Ajootian's August 6, 2007 communication wherein she states "*Please disregard my fax message of July 30 . . . . My reaction to the Award, which includes that One Beacon pay the salvor's share of the arbitration fees, was over-hasty*." (Emphasis added.)

7 It is also of note that the dissenting arbitrator, while asserting that no peril existed, did not question the Majority's identification and allocation of arbitration costs to HRM.

The language in the Salvage Contract affords the arbitrators a reasonable basis upon which to have awarded HRM its arbitration costs and the Final Award should not be disturbed.[8] *See, e.g.*, UMass Mem'l Med. Ctr., Inc. v. United Food & Commer., Workers Union, Local 1445, 2007 U.S. Dist. LEXIS 64585 (D. Mass. Aug. 31, 2007) ("The Supreme Court has made clear that so 'long as an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" (citing United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987)).

In addition, both HRM and the vessel interests (including One Beacon Insurance) sought an award of punitive damages. In other words, during the arbitration One Beacon Insurance did not advocate a limitation on the arbitrators' rights to award what they deemed appropriate, but, in fact, took an opposite position to that which it asserts now. From this perspective, even if this Court were to determine that the Salvage Arbitration Plan did not permit an allocation of the arbitration costs (which is denied), the award of arbitration costs is reasonably treated as punitive damages -- certainly, the language of the Final Award ("*[B]ut the irrefutable evidence in an audio recording and transcript of the discussions between the vessel owner and salvor . . . makes it clear that [there] was no overreaching or bad faith on the part of the salvor as asserted by owner.*") (Final Award, p. 3) allows for the reasonable conclusion that the award of arbitration costs was motivated by what the majority deemed to be the owner's false statements. (This was a drum that HRM beat from the very inception of the arbitration.) Moreover, nothing in the

---

[8] One Beacon Insurance's citation to page 2 of the Salvage Arbitration Plan pertaining to arbitration costs is nothing more than smoke and mirrors. The language contained therein sets a ceiling for each party's maximum arbitration costs in the normal course; not a prohibition against a Final Award allocating those costs as the arbitrators see fit to one party or the other. In fact to read this language in the way One Beacon Insurance wishes results in the wholesale abandonment of the very clear language of the Salvage Contract which states a salvor is entitled to "any costs incurred in collection." (Salvage Contract, ¶ 7)

language of the Final Award prevents the Court from concluding that the award of arbitration costs was in response to HRM's demand for punitive damages.

There are reasonable bases upon which the uphold the Final Award's allocation of arbitration costs, and the Final Award should be confirmed and enforced.

Point III

**The Complaint Should Be Dismissed For Failure To Properly Initiate This Proceeding As Required By The Federal Arbitration Act**

The Federal Arbitration Act, 9 U.S.C. § 6, states the procedure by which a party makes application to vacate an arbitrator's award as follows: *Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.* (Emphasis added.) Here, One Beacon Insurance filed a "Complaint" which is a patently improper vehicle by which to seek the relief sought. Interior Finish Contrs. Ass'n v. Drywall Finishers Local Union No. 1955, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985) ("In summary, after reading these statutory provisions and rules together, it is clear that a party must file a motion in order to apply to the court to set aside an arbitration. The statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint or an "Application.")

Accordingly, HRM asserts that this Court should dismiss One Beacon Insurance's Complaint with prejudice.

Point IV

**The Court Should Award HRM Its Attorneys' Fees And Costs In Having To Respond To One Beacon Insurance's Complaint**

One Beacon Insurance Company has refused to comply with an enforceable arbitration award without any justification, thus, the Court should grant attorneys' fees and costs.

One Beacon Insurance's challenge to the Arbitrators' clear authority to award the relatively small costs of the arbitration proceeding violates the Court's repeated admonition that loosing parties to an arbitration may not seek redress in the Courts from a decision that was appropriately rendered. The vessel interests flouting of this principal warrants an award of costs and for attorneys' fees to HRM.

The First Circuit has held that attorneys' fees are appropriately granted when a party, without any objectively reasonable basis, refuses to comply with an enforceable arbitration decision, thus forcing the prevailing party to incur the costs associated with an action to compel enforcement. *See*, *e.g.*, Courier-Citizen Company v. Boston Electrotypers Union No. 11, 702 F.2d 273 (1st Cir. 1983); Kraft's Precision Industries, Inc. v. Lodge No. 1836 of District 38, International Association of Machinist and Aerospace Workers, 889 F.2d 1184 (1st Cir. 1989).

For the reasons set forth herein, HRM seeks an award of its attorneys' fees and costs.

## Point V

## HRM's Cross-Motion Seeking Confirmation And Enforcement Of The Award

When determining whether to uphold or vacate an arbitration award, federal courts apply "one of the narrowest standards of judicial review in all of American jurisprudence." Lattimer-Stevens Co. v. United Steelworkers, 913 F.2d 1166, 1169 (6th Cir. 1990). The First Circuit has further stated that "[D]isputes that are committed by contract to the arbitral process almost always are won or lost before the arbitrator. Successful court challenges are few and far between." Teamsters Local Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000). As the Court described it in Keebler Co. v. Truck Drivers, Local 170, 247 F.3d 8, 10 (1st Cir. 2001), "[j]udicial review of arbitral awards is 'extremely narrow and exceedingly deferential.'" (citing Bull HN Info. Sys. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000)). In fact, though the

arbitrator's award must "draw its essence from the contract that underlies the arbitration proceeding, courts will deem that benchmark achieved as long as the arbitrator [is] even arguably construing or applying the contract and acting within the scope of [his] authority." Cytyc Corp. v. DEKA Prods. Ltd. P'ship., 439 F.3d 27, 32 (1st Cir. 2006) (quotation and internal citation omitted). Thus, a federal court will overturn an arbitrator's interpretation only if "it can be shown that the arbitrator acted in a way for which neither party could have bargained." Local 1445, UFCW Int'l Union, AFL-CIO v. The Stop & Shop Co., 776 F.2d 19, 21 (1st Cir. 1985) (citing Enterprise Wheel & Car, 363 U.S. at 599).

In the instant matter, and based on the foregoing discussion of facts and legal authorities, it is clear that HRM's cross-motion to confirm and enforce the Final Award should be granted. The Final Award presents a reasoned explanation as to the majority's determination of the facts and finds fully in HRM's favor. The quantum of the salvage award and attorneys' fees provided to HRM is reasonable and supported by articulated facts. Further, neither the salvage award nor the allocation of attorneys' fees is challenged by any party to the arbitration. For the reasons set forth herein, One Beacon Insurance's challenge to so much of the award providing for arbitration costs is a patently unsupportable position and should be rejected.

Finally, HRM submits that One Beacon Insurance's failure to tender the full amount of the Final Award is in bad faith and does not entitle it to a cessation of the accruing interest. Therefore, HRM respectfully requests that any Order confirming this award include the additional accrued interest in the manner specified in the Final Award.

## Conclusion

Based on the foregoing law and argument, HRM respectfully requests that this Court deny the relief sought in One Beacon Insurance's Complaint in its entirety, grant HRM's cross-

motion confirming and enforcing the Final Award (with an allocation for accrued interest) and provide HRM its attorneys' fees in responding to One Beacon Insurance's frivolous, bad-faith Complaint, and allowing such other, further or different relief as the Court may deem just and proper. HRM respectfully requests that an inquest be scheduled in connection with its application for attorneys' fees and costs.

_/s/ Michael J. Daly__________
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed this **OBJECTION TO COMPLAINT TO VACATE & MODIFY THE FINAL ARBITRATION AWARD ISSUED BY THE BOAT OWNERS' ASSOCIATION OF THE UNITED STATES AND IN SUPPORT OF CROSS-MOTION TO CONFIRM**, together with this Supporting Memorandum and Exhibits on October 19, 2007. The objection, cross-motion, memorandum and exhibits are available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly____________________

- Of Counsel -
John K. Fulweiler, Esq.
DEORCHIS, WIENER & PARTNERS, LLP