UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 07-370/S/DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

-----------------------------------------------------------X

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO STRIKE**

Defendant H.R.M., Inc. d/b/a Safe/Sea[1] ("HRM") hereby opposes plaintiff's Motion to Strike Defendant's Objection to Its Complaint to Vacate and Modify the Final Arbitration Award and Cross-Motion to Confirm. HRM files herewith a supporting memorandum of law.

HRM does not request oral argument in connection with this opposition.

Respectfully submitted,

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

Dated: November 9, 2007

[1] Plaintiff's complaint incorrectly states that H.R.M., Inc. does business as "Safe/Sea Marine Rescue & Assistance."

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

----------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 07-370/S/DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO STRIKE**

Defendant H.R.M., Inc. d/b/a Safe/Sea[2] (hereinafter "HRM"), submits this Memorandum of Law in support of its Opposition to plaintiff's Motion to Strike Defendant's Objection to Its Complaint to Vacate and Modify the Final Arbitration Award and Cross-Motion to Confirm. [Dkt. 11]

In opposition to the instant Motion to Strike, the Court is respectfully referred to the law and argument set forth in HRM's Opposition papers which it filed in response to the Complaint. [Dkt. 3] Notwithstanding, Plaintiff's Motion to Strike is premised solely on the unsupported (and incorrect) notion that Plaintiff's Complaint is the mere inception of what it likely envisions as a lengthy litigation. To the contrary, Plaintiff's Complaint is properly treated as a motion pursuant to the plain language of the Federal Arbitration Act ("FAA"), Rule 81 of the Federal Rules of

[2] Plaintiff's complaint incorrectly states that H.R.M., Inc. does business as "Safe/Sea Marine Rescue & Assistance."

Civil Procedure, and the decisional authority interpreting the same -- making HRM's opposition thereto entirely appropriate.

Fed. Rule Civ. P. 81(a)(3) provides that the Federal Rules of Civil Procedure apply only to the extent that matters of procedure are not provided for in the FAA.[3] Here, Plaintiff's citation to Fed. Rule Civ. P. 3 is misplaced because Section 6 of the FAA pointedly addresses the procedure by which to challenge an arbitration award stating: "*Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.*"

The purpose of treating a Complaint to vacate or modify an arbitration award as a motion is so that the attractive characteristics of arbitration are not undermined by extensive and expensive subsequent litigation. *See, e.g.*, U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd., 188 F. Supp. 2d 358, 362 (S.D.N.Y. 2002), aff'd 2002 U.S. App. LEXIS 24053 (2d. Cir. Nov. 21, 2002) ("In order to promote speedier, less costly dispute resolution and encourage arbitration, the FAA and Federal Rules of Civil Procedure do not contemplate full-blown litigation for the purposes of contesting an arbitration award with which a party may disagree.") (Emphasis added.); Tepper Realty Company v. Mosaic Tile Company, 259 F. Supp. 688, 693 (S.D.N.Y. 1966) ("The fundamental purpose of the Federal Arbitration Act is to relieve the parties from costly litigation and help ease congested court dockets.")

Against that seascape, the jurisprudence is seemingly universal in its treatment of complaints filed to modify, vacate and/or confirm arbitration awards as "motions". Id. Further,

[3] "Rule 81. Applicability in General . . . (a) To What Proceedings Applicable. (3) In proceedings under Title 9, U.S.C., relating to arbitration, or under the Act of May 20, 1926, ch 347, § 9 (44 Stat 585), U.S.C., Title 45, § 159, relating to boards of arbitration of railway labor disputes, these rules apply only to the extent that matters of procedure are not provided for in those statutes. These rules apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings."

once the motion is fully briefed, a Court may consider an arbitration action by summary proceeding without the requirement of a hearing. Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174, 175 (2d Cir. 1998).

Here, Plaintiff elected to act contrary to the established jurisprudence believing incorrectly that it is entitled to drag HRM through the litigation process while making its motion to vacate or modify at some distant point in the future. Plaintiff acts at its own peril and the law fully supports the Court treating Plaintiff's Complaint as a motion. In fact, Plaintiff's Motion to Strike is an exercise in attorney rhetoric completely lacking citation to any authority whatsoever much less any authority supporting its assertion that its Complaint should be treated as anything but a motion. If anything, Plaintiff's Motion to Strike is authority for HRM's assertion that Plaintiff is utilizing its far greater economic resources to punish HRM for having overwhelmingly succeeded at arbitration.

## Conclusion

Based on the foregoing law and argument, HRM respectfully requests that this Court deny Plaintiff's Motion to Strike, that it grant the relief HRM seeks in its Opposition to the Complaint, and that it allow such other, further or different relief as the Court may deem just and proper. In addition, HRM renews its request that an inquest be scheduled in connection with its application for attorneys' fees and costs.

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

Dated: November 9, 2007

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed this **OPPOSITION and Supporting Memorandum of Law** on November 9, 2007. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly

- Of Counsel -
John K. Fulweiler, Esq.
DEORCHIS, WIENER & PARTNERS, LLP