UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 07-370/S/DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

-----------------------------------------------------------X

**DEFENDANT'S STATEMENT OF ELEMENTS**

Defendant H.R.M., Inc. d/b/a Safe/Sea[1] (hereinafter "HRM") has filed a motion to confirm an arbitration award and to recover costs and attorneys fees incurred in connection with this action. HRM hereby sets forth its statement of elements that must be proved to sustain its requests for relief:

1. To prevail on its motion to confirm the arbitration award, HRM need only demonstrate that the award rests on a plausible interpretation of the underlying contract. Maine C. R. Co. v. Brotherhood of Maintenance of Way Employees, 873 F.2d 425, 427 (1st Cir. 1989). The Court is obligated to uphold the award "if it is in any way plausible, even if" the Court thinks the arbitrators "committed serious error." Wonderland Greyhound Park, Inc. v. Autotote Systems, Inc., 274 F.3d 34, 35 (1st Cir. 2001); Purvis Systems, Inc. v. American Systems Corp., 788 A.2d 1112, 1117 (R.I. 2002). HRM asserts that the arbitrators did not exceed their authority because the award of arbitration costs is expressly permitted by the terms of the

[1] Plaintiff's complaint incorrectly states that H.R.M., Inc. does business as "Safe/Sea Marine Rescue & Assistance."

applicable Rhode Island Standard Form Marine Salvage Contract ("Salvage Contract") signed by the vessel owner (plaintiff's insured). Accordingly, HRM respectfully requests that the arbitration award be confirmed, and that plaintiff's motion to vacate be denied.

2. HRM seeks an award of attorneys' fees and costs incurred in connection with this action. Attorney's fees may be recovered if authorized by contract or statute. Kells v. Town of Lincoln, 874 A.2d 204, 214 (R.I. 2005). Attorney's fees are justified in this case pursuant to contract and R.I. Gen. Laws § 9-1-45.

Paragraph 7 of the Salvage Contract states as follows:

> Salvor may satisfy collection of fees or charges here under by recourse to any security posted and shall also be entitled to **any costs** incurred in collection of payments due hereunder **including reasonable attorneys' fees**.

Thus, to recover attorney's fees pursuant to the contract, HRM need only demonstrate that fees incurred in connection with this action were incurred for the purpose of collecting payments due under the salvage agreement.

To recover attorney's fees pursuant to § 9-1-45(1), HRM must demonstrate: (1) the action arises from a breach of contract (in this case, the Salvage Contract); and (2) that there is a "complete absence of a justiciable issue of either law or fact raised by the losing party." Id.

Respectfully submitted,

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

Dated: November 9, 2007

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed this **STATEMENT OF ELEMENTS** on November 9, 2007. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly

- Of Counsel -
John K. Fulweiler, Esq.
DEORCHIS, WIENER & PARTNERS, LLP