**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**ONEBEACON AMERICA INSURANCE COMPANY,**
**Plaintiff,**

**CIVIL ACTION NO: 07-00370-S-DLM**

**VS.**

**H.R.M., INC. (d/b/a Safe/Sea Marine Rescue & Assistance),**
**Defendant.**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Now comes the plaintiff, OneBeacon America Insurance Company, in the above-entitled action, by and through its undersigned attorneys, and hereby submits its Memorandum of Law in Support of its Motion for Summary Judgment as follows.

## I. INTRODUCTION

This matter involves a Complaint to Vacate and Modify an Arbitration Award, asserting that the arbitrators exceeded their powers by awarding the administrative fees and expenses of the arbitration to defendant H.R.M., INC. (d/b/a Safe/Sea Marine Rescue & Assistance).

## II. STATEMENT OF MATERIAL UNCONTESTED FACTS

1. Plaintiff incorporates herein the Stipulation of Undisputed Facts and the appended documentation that

was filed with this Honorable Court on January 4, 2008.

2. Plaintiff and defendant agreed to arbitration of this dispute pursuant the Boat Owners Association of the United States Salvage Arbitration Plan Agreement to Arbitrate, dated February 22, 2007. See Stipulation of Facts 6.

3. The arbitration panel decided that the total amount of arbitration costs should be included in the award to Boat Owners Association of the United States. The total amount of arbitration costs is $1,575.00. See Page 4 of Exhibit E to the Stipulation of Facts.

4. Under the Agreement to Arbitrate, the parties submitted to arbitration under the Rules of the Boat Owners Association of the United States Salvage Arbitration Plan. Under section I(b) of these rules it states, “The arbitration fees are split equally between the two parties.” Under Section III(B), the rules state, “All fees and expenses of the Arbitration Panel and the Arbitration Administrator shall be equally between the parties to arbitration.” See Pages 2 and 7 of Exhibit D to the Stipulation of Facts.

**III. STANDARD OF REVIEW**

Summary judgment is appropriate where the moving party has shown, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law". *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party". *Id*.

A federal court may vacate an arbitration award "[w]here the arbitrators exceeded their powers." 9 U.S.C.A. § 10(d); *See also Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,* 607 F.2d 649, 651 (5th Cir.1979).

**IV. ANALYSIS**

This action arises out of an arbitration proceeding regarding defendant's claim for a salvage award. The M/V SPRAY is a 1990 36-foot Formula Express Cruiser owned and operated on September 23, 2006 by David W. Pickering and

insured by the Plaintiff under a hull and protection and indemnity policy. On September 23, 2006, the M/V SPRAY was found by Mr. Pickering to be sitting low in the water at the dock at Dickerson’s Marina in Apponaug, Rhode Island. The Captain, as a member of Boat U.S., contacted the defendant for assistance. Defendant responded and required that Mr. Pickering enter into a salvage contract, which was executed. Defendant proceeded to pump out the water and the vessel was hauled. The procedure to pump out the water was done dockside and took around forty minutes.

In consideration of the services performed, defendant invoiced Mr. Pickering $11,000.00 on October 9, 2006. On November 20, 2006, plaintiff’s insurer rejected defendant’s invoice and offered to settle the salvage and towage claim at the level of $1,100.00. This was rejected by defendant and the matter was submitted to arbitration pursuant to Clause 6 in the Rhode Island Standard Form Marine Salvage Contract.

After briefing, on July 23, 2007, in a split decision, the panel awarded Defendant $4,500.00 for the services performed prejudgment interest of $2.22 per day, and attorney fees of $4,636.28.00. In addition, the panel required plaintiff to pay the entire arbitration costs, totaling $1,575.00. Plaintiff asserts that the

requirement to pay the entire costs of the arbitration is contrary to the rules for arbitration, which expressly require that each party is responsible to bear the arbitration costs equally.

An Arbitrator Must Follow The Arbitration Agreement

An arbitrator’s power is limited to the interpretation and application of the agreement of the parties. *United Steelworkers of America v. Enterprise Wheel and Car Corp*., 363 U.S. 593(1960). An arbitrator “... does not sit to dispense his own brand of…justice... (h)is award is legitimate only so long as it draws its essence from the ... agreement.” *Id.* at 597. In Rhode Island, courts generally will not set aside an arbitration award. *Blackstone Val. Gas & Elec. Co. v. Rhode Island Power Transmission Co.*, 12 A.2d 739, 748 (R.I. 1940). “But courts of equity will interfere, in the interest of natural justice and at the instance of a proper aggrieved party, when an arbitrator refuses or fails to be bound by the contract and rules of submission, which became the law of the arbitration proceeding…” *Id.* at 748-49. The Rhode Island Supreme Court reasoned that the “arbitrator's failure to conform with such agreement, or his violation thereof, however honest, goes to the root of the

arbitrator's jurisdiction and prevents a true arbitration in the equitable sense." *Id.* at 749.

The First Circuit echoes this idea. In Challenger *Caribbean Corp. v. Union General de Trabajadores de Puerto Rico*, 903 F.2d 857, 861 (1st Cir. 1990) (*quoting International Bhd. of Firemen Local 261 v. Great N. Paper Co.,* 765 F.2d 295, 296 (1st Cir.1985)), the court noted "The considerable deference due an arbitrator's decision 'does not grant carte blanche approval to any decision that the arbitrator might make....'" An arbitrator does not have the power to "ignore the plain language of the contract." *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Where the agreement is clear the arbitrator must follow the express words of the agreement. *Challenger Caribbean Corp.*, 903 F.3d at 861; (*citing Georgia-Pacific Corp. v. Local 27, United Paperworkers Intern. Union*, 864 F.2d 940, 944 (1st Cir. 1988)). "The arbitrator's authority, therefore, is limited by whatever conditions or terms have been mutually agreed upon; any action taken beyond that authority is subject to challenge," and outside the arbitrator's powers. *Bush v. Nationwide Mut. Ins. Co.*, 448 A.2d 782 (R.I. 1982); (*citing Mobil Oil Corp. v. Local 8-766, Oil, Chemical &*

*Atomic Workers Intern. Union*, 600 F.2d 322 (1st Cir. 1979)).

The Explicit Agreement of the Parties Mandates a Sharing of Arbitration Fees and Expenses

In the underlying case, the parties agreed to arbitration of the dispute in the Boat Owners Association of the United States Salvage Arbitration Plan Agreement to Arbitrate, dated February 22, 2007. Under the Agreement to Arbitrate, the parties submitted to arbitration under the Rules of the Boat Owners Association of the United States Salvage Arbitration Plan. Under section I(b) of these rules it unequivocally states, “[t]he arbitration fees are split equally between the two parties.” Under Section III(B), the rules further state, “All fees and expenses of the Arbitration Panel and the Arbitration Administrator shall be equally between the parties to arbitration.” These two unambiguous statements dictate that the arbitration agreement, which incorporates the Rules of the Boat Owners Association of the United States Salvage Arbitration Plan, mandates that the parties split the arbitration costs equally. The arbitration panel clearly violated the agreement by concluding that the entire cost of arbitration, totaling $1,575.00, should be borne by the plaintiff.

It is well settled in the First Circuit that where the agreement is clear and unequivocal the arbitrator must follow the express words of the agreement. Therefore, the arbitration panel exceeded its powers because they violated the express terms of the arbitration agreement. As such, the award of the entire cost of arbitration to defendant should be overturned.

There Was No Modification of the Agreement To Arbitrate

Defendant argues that they modified the Boat U.S. Arbitration Rules by a provision in the Marine Salvage Contract. In Paragraph No. 7 of the Marine Salvage Contract, it states, "Salvor…shall also be entitled to any costs incurred in collection of payments due hereunder including reasonable attorneys' fees." Defendant maintains that this provision entitles them to recover all arbitration fees and expenses. However, this argument is flawed because it is evident that the reference to "costs" in the Marine Salvage Contract is not equivalent to "arbitration fees and expenses" referred to in the Boat U.S. Arbitration Rules.

The Rhode Island Standard Form Marine Salvage Contract executed by the parties is identical to the form recommended for use by the Boat U.S. Arbitration Plan.

See page 16-17 of Exhibit D to the Stipulation of Undisputed Facts. The plan itself does not refer to the arbitration costs as “costs”: it calls them “Arbitration Fees and Expenses”. See pages 2 and 7 of Exhibit D to the Stipulation of Undisputed Facts. Clause 7 of the form salvage agreement refers to “costs incurred in collection of payments due hereunder including reasonable attorney fees subject to the findings of any arbitration.” The Boat U.S. Arbitration Plan unequivocally states that “[a]ll fees and expenses of the Arbitration Panel and the Arbitration Administrator shall be equally between the parties to arbitration.” Plaintiff asserts that the only interpretation of the Arbitration Plan that would be consistent with the language of the recommended salvage agreement is if “costs” in Clause 7 includes the usual costs of litigation, to wit: copying charges, overnight mail expenses, subpoena expenses and deposition costs, but not arbitration fees and costs which are expressly referred to as being split by the parties. This interpretation is the most consistent with the language of the Salvage Arbitration Plan under which the parties agreed to arbitrate. See Exhibit “1” to the Affidavit of Robert E. Collins, which attaches the Declaration of John Fulwieler submitted in the arbitration proceedings, which

contained the Declaration of Denise Hicks. That declaration details that Defendant did recover the "costs" of the arbitration, including overnight currier charges and copying charges.

Plaintiff Is Entitled to Attorneys' Fees As the Prevailing Party

An award of attorneys' fees and costs is both discretionary and specifically allowed in salvage cases. *Compania Galeana v. M/V Caribbean,* 565 F.2d 358 (5th Cir.1978), *Cobb Coin Co., Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel, etc.,* 549 F.Supp. 540 (S.Dist.Fla.1982). Where the plaintiff is successful on the merits they are entitled to an award of attorneys' fees. *Cobb Coin Co., Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel, etc.,* 549 F.Supp. 540 (S.Dist.Fla.1982). In the underlying case, the Salvage Agreement expressly provides that the Salvor is entitled to attorney fees. Plaintiff requests this Honorable Court to read the provision reciprocally and award attorney fees to the Plaintiff if this Honorable Court finds in its favor. *Lafarge Conseils et Etudes v. Kaiser Cement & Gypsum Corp., 791 F.2nd 1334 (9th Cir. 1986)*

**V. CONCLUSION**

Based upon the arguments presented herein, Plaintiff

prays this Honorable Court grant Summary Judgment in its favor and issue a judgment that the arbitration panel exceeded its power in mandating plaintiff to bear the entire cost of arbitration.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Robert E. Collins"
**Robert E. Collins**
**BBO NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: January 15, 2008

CERTIFICATE OF SERVICE

Vetter & White
20 Washington Place
Providence, RI 02903
Attn: Michael J. Daly, Esquire

DeOrchis, Wiener & Partners, LLP
61 Broadway, 26th Floor
New York, NY 10006-2802
Attn: John K. Fulweiler, Esquire

I hereby certify that I electronically filed **Plaintiff's Memorandum in Support of its Motion for Summary Judgment o**n January 15, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins