UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 07-370/S-DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

---------------------------------------------------------X

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**and**
**DEFENDANT'S CROSS_MOTION FOR SUMMARY JUDGMENT**

Defendant H.R.M., Inc. d/b/a Safe/Sea[1] ("HRM") hereby objects to plaintiff's Motion for Summary Judgment and cross-moves for summary judgment. HRM files herewith a supporting memorandum of law and Statement of Undisputed Facts.

HRM respectfully requests oral argument in connection with this objection and motion and estimates that such argument might last thirty (30) minutes.

Respectfully submitted,

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803

[1] Plaintiff's complaint incorrectly states that H.R.M., Inc. does business as "Safe/Sea Marine Rescue & Assistance."

mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

- Pro Hac Vice Counsel -
John K. Fulweiler, Esq.
DEORCHIS & PARTNERS, LLP

Dated: January 22, 2008

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed **DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and DEFENDANT'S CROSS_MOTION FOR SUMMARY JUDGMENT** on January 22, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 07-370/S-DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT[2]**

Respondent H.R.M., Inc. d/b/a Safe/Sea (improperly named in plaintiff's complaint as "H.R.M., Inc. d/b/a Safe/Sea Marine Rescue & Assistance") ("HRM"), submits this Memorandum of Law: 1) in Opposition to the Plaintiff One Beacon America Insurance Company's Motion for Summary Judgment which seeks to vacate and modify the Final Arbitration Award; and 2) in support of HRM's cross-motion seeking an Order, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA"), confirming and enforcing the July 23,

---

[2] The Federal Arbitration Act, 9 U.S.C. § 6, states the procedure by which a party makes application to vacate an arbitrator's award as follows: *Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.* Thus, HRM submits that by filing a "Complaint", One Beacon Insurance commenced this action in an improper fashion. *See, e.g.*, Interior Finish Contrs. Ass'n v. Drywall Finishers Local Union No. 1955, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985). Further, HRM maintains that its Objection to the Complaint And Cross-Motion to Confirm was a proper pleading in response to Plaintiff's filing pursuant to the Federal Arbitration Act and its case law progeny. Moreover, one of HRM's principal objections to this procedure concerns money. By permitting the briefing of this matter in the style of a summary judgment and cross summary judgment motions, HRM incurred additional attorneys' fees and costs in filing an Answer, in attending a preliminary conference, and in attending a settlement conference. Considerable fees and costs could have been avoided if petitioner adhered to the procedural requirements of the FAA and attendant case law decided thereunder.

2007 Final Arbitration Award ("Final Award").

PRELIMINARY STATEMENT

More than one year ago, HRM saved a vessel from sinking, yet it continues to await full payment for its services. In what is an outrageous and deliberate attempt to undermine an otherwise lawful salvage claim, the vessel interests (all stage-managed by One Beacon Insurance who, ironically, because of HRM's swift action did not end up paying a far greater sum as a result of the loss of the vessel) have delayed and continuously misrepresented the facts of the incident.

Now, abandoning the charade, the vessel's insurer, One Beacon Insurance, files the instant action by itself seeking to vacate or modify so much of the Final Award providing HRM with its arbitration costs. There is simply no legal or factual basis for the relief One Beacon Insurance seeks. One Beacon Insurance's motion for summary judgment should be denied and its Complaint dismissed (and the Final Award confirmed) because the arbitrators acted within their authority in awarding HRM the cost of the arbitration; One Beacon Insurance failed to object to HRM's request for such costs during the course of the arbitration and therefore has waived and cannot now raise this assertion; One Beacon Insurance employed an incorrect procedure in commencing this litigation; and One Beacon Insurance fails to meet the standards for vacator set forth in Section 10 of the Federal Arbitration Act ("FAA").

STATEMENT OF FACTS

On September 23, 2006, HRM responded to a report of the M/V SPRAY flooding with seawater. HRM rendered its services pursuant to a Rhode Island Standard Form Marine Salvage Contract ("Salvage Contract"). See Stipulation of Undisputed Facts, ¶ 4 and Exhibit A attached

thereto.[3] The Salvage Contract was executed by the Owner of the M/V SPRAY without objection and it is undisputed that it is the document by which the Arbitration proceeded pursuant to an arbitration term contained therein. (See, Plaintiff's Complaint, ¶ 17) Among other things, the Salvage Contract, ¶ 7, contains specific language entitling the salvor (HRM) to "any costs" incurred in collection of payments.

Based on that language, and in addition to its salvage award, HRM vigorously sought attorneys' fees as well as the costs of the arbitration while briefing the matter before the arbitration panel. See, HRM's Initial Submission at p. 13 and Rebuttal Submission at p. 10, annexed respectively as Exhibits A and B to the Declaration of Michael J. Daly, Esq., which declaration was filed as Exhibit 1 to HRM's Memorandum in Opposition to the Complaint, [Dkt. 3]. In addition, at arbitration, HRM repeatedly underscored the importance of an award of fees and costs (including arbitration expenses) given the unjust and bad faith actions of the vessel interests in failing to act in a manner consistent with the Salvage Arbitration Plan's ("Plan") rules and blatantly misrepresenting various facts. At no time, did the vessel interests including One Beacon Insurance object to the authority of the Arbitrators to award the relatively nominal costs of the arbitration proceeding.

Ultimately the Final Award issued providing HRM with a salvage award and costs of collection including the sum of $1,575.00 identified in the Final Award as the "costs of arbitration". It is this relatively demure amount which One Beacon Insurance Company refuses to pay and for which it has commenced the instant litigation.[4]

---

[3] At the request of Judge Smith, the parties filed a Stipulation of Undisputed Facts to be used in connection with the parties' motions and cross-motions for summary judgment. See Docket Entry No. 22, January 4, 2008.

[4] Arbitration was conceived as a means by which to achieve an economically efficient and time sensitive result. However, One Beacon Insurance's tactics in this matter whereby it is using its greater resources to try and leverage a small business concern into capitulating is outrageous. Further, that One Beacon Insurance is utilizing judicial resources to presumably "school" HRM (a vendor which it will likely be forced to do business with in the future) that it is mightier and that it will be costly for HRM to challenge its position is patently improper. This is not

LAW AND ARGUMENT

Point I

**One Beacon Insurance, By Failing To Object To HRM's Demand For Arbitration Costs During the Arbitration, Has Waived Its Right To Seek A Ruling From This Court On That Issue**

From the inception of the arbitration, HRM demanded, among other things, an award which included the costs of arbitration. This particular request for relief was set forth in HRM's Initial Submission and its Rebuttal Submission.[5] See, Initial Submission, p. 13 and Rebuttal Submission, p. 10, [Dkt. 3] at Exhibits A and B of Daly Declaration, supra. At no time, did any of the vessel interests (including One Beacon Insurance) object much less articulate a basis as to why HRM should not be entitled to such relief.[6] One Beacon Insurance, by failing to so much as address this specific element of HRM's requested relief, has unequivocally waived its right to now litigate this issue. If One Beacon Insurance objected to the arbitrators considering HRM's request for arbitration costs, it had an obligation to present its challenge to the arbitrators. It did not. *See, e.g.,* International Chemical Workers Union, Local No. 566 v. Mobay Chemical Corp., 755 F.2d 1107, 1112 (4th Cir. 1985) ("If the union objected to the arbitrator's consideration of Mobay's specifications, it had an obligation to present its challenge to the arbitrator. The union could not voluntarily engage in the arbitration of the issues submitted to the arbitrator and then attack the award on grounds not raised before the arbitrator."); Detroit Newspaper Agency v. Newspaper Drivers & Handlers, Teamsters Local No. 372, 1994 U.S. App. LEXIS 37210 (6th

---

HRM's lawsuit. HRM was awarded the monies in dispute and it is merely defending its entitlement to the same. It is One Beacon Insurance that should be called to task for promoting such a peppercorn of a litigation.

[5] For the sake of judicial economy, the somewhat voluminous exhibits accompanying the submissions have not been filed, but can be provided at the Court's request.

[6] HRM's intent in seeking this relief was crystal clear. For instance, in its Initial Submission, HRM stated: *The arbitrators' fees in this matter cannot exceed $1,575.00 for each party per the terms of the Salvage Arbitration Plan. HRM seeks an award of its arbitrators' fees up to the maximum amount.*" (Initial Submission, p. 13) (Emphasis added.)

Cir. Dec. 22, 1994) ("The union raised the § 25(g) issue several times during the hearing, and DNA failed to object to its consideration. Moreover, DNA devoted nearly half of its post-hearing brief to the merits of the issue and failed to object that the issue was not properly before the arbitrator. DNA, by its actions during arbitration, acquiesced to the arbitrator's decision to consider the § 25(g) issue and thereby waived its right to argue that the arbitrator exceeded his authority by considering that issue.") (Emphasis added.)

Point II

**In Trying To Carry Its Burden Of Proof, One Beacon Insurance Faces A Steep and Precipitous Climb**

The inanity of Petitioner's quibbling over the somewhat demure award of arbitration costs and its subsequent filing of the instant lawsuit is only matched by the size of the burden it must carry in order to prevail. The First Circuit put it succinctly in Me. Dent. R.R. Co. v. Bhd. Of Maint. Of Way Employees, 873 F.2d 425, 428 (1st Cir. 1989) when it stated: "*Judicial review of an arbitration award is among the narrowest known in the law.*"

The party moving to vacate an award bears the burden of proving that the arbitration panel exceeded the scope of its authority. This is a particularly tough burden because, as a general matter, arbitrators have "broad power to fashion remedies on issues the parties have empowered them to resolve." Courier-Citizen Co. v. Boston Electrotypers Union No. 11, International Printing and Graphic Communications Union of North America, 702 F.2d 273, 281 (1st Cir. 1983). Accordingly, "[t]here is a policy placing a heavy burden on those claiming that arbitrators' awards exceed their authority**.**" Raytheon Co. v. Automated Business Systems, Inc., 1988 U.S. Dist. LEXIS 14167 (D.Ma. Dec. 6, 1988) citing Willoughby Roofing and Supply v. Kajima International, 598 F. Supp. 353 (N.D. Ala. 1984), aff'd 776 F.2d 269 (11th Cir. 1985).

Finally, the Supreme Court has specifically instructed that "A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award. Arbitrators have no obligation to the court to give their reasons for an award." United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 598 (1960).

Point III

**The Court Must Uphold The Arbitrators' Ruling Awarding The Costs Of Arbitration To HRM**

The Final Award provided HRM arbitration costs in the total amount of $1,575.00. In order for this Court to find that the arbitrators exceeded their authority in making such an award, there must be a finding that the arbitrators lacked a plausible basis to do so. There is simply no traction in the record to support such an outcome.

First, the Parties hereto engaged in arbitration pursuant to the terms of the Salvage Contract. (Prgh. 6) The Salvage Contract is a written agreement existing between the parties. Among other things, the Salvage Contract states that the salvor is entitled to "any costs incurred in collection of payments due hereunder." (Prgh. 7) By agreeing to arbitrate, the Parties did not abandon the limitations and benefits afforded under the Salvage Contract and the salvor's right to seek recovery of "any costs" cannot and was not abrogated by the rules of the Salvage Arbitration Plan. Thus, based on the language of the Salvage Contract, the arbitrators were entirely within their power to award HRM its arbitration costs.

Second, an award of arbitration costs to HRM does not conflict with any express term of the Plan. In other words, there is simply no language in the Plan prohibiting the arbitrators from assessing costs to one side or the other. Nowhere in the only two sections in the Plan speaking to the arbitrators' duties is there any limitation whatsoever on the arbitrators' authority to allocate

costs. (Salvage Arbitration Plan, IV(A). General Duties of Panel and IV(B) Arbitration Guiding Principles.) That the Plan speaks in broad terms as to a sharing of the costs of arbitration between the parties does not in any way bar the arbitrators from having included such costs in their award – particularly when One Beacon Insurance failed to object to HRM's specific request for such an award.[7] One Beacon Insurance can prevail only if there is language prohibiting an allocation of arbitration costs, which clearly there is not.

Third, Petitioner's attempt at narrowing the term "costs" as it is used in the Salvage Contract so as to somehow conclude the term does not embrace arbitration administration costs is a patently unreasonable assertion. The term "costs" is plainly expansive and easily and properly encompasses administration expenses associated with the arbitration including the arbitrators' fees. Whatever the case, assuming *argudeno* that a potential ambiguity exists between the Salvage Contract and the Plan, it does not furnish a basis for vacating the arbitration award. Rather, it raises a question of contract interpretation that properly fell to the arbitrators. The issue Petitioner seems to lose sight of is whether the arbitrators "even arguably" complied with the terms of the Parties' agreement. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987). They did, and the Final Award should be upheld in its entirety.

There are reasonable bases upon which to uphold the Final Award's allocation of arbitration costs, and the Final Award should be confirmed and enforced.

[7] The arbitrator nominated by Petitioner dissented. Still, it is of particular note that the dissenting arbitrator, while asserting that no peril existed, did not question the Majority's identification and allocation of arbitration costs to HRM.

Point IV

**There Is No Legal or Factual Basis Entitling One Beacon Insurance To Its Attorneys' Fees**

One Beacon Insurance has not provided any legal or factual basis entitling it to its attorneys' fees in connection with the instant litigation. Admiralty law requires a showing of bad faith before the issue of attorneys' fees is even so much as addressed. *See*, *e.g.*, Templeman v. Chris Craft Corp., 770 F.2d 245, 250 (1st Cir. 1985). Here, One Beacon Insurance does not allege bad faith and, incredibly, asserts that mere success on the merits entitles it to attorneys' fees. This is not a correct assertion and One Beacon Insurance's citation to Cobb Coin Co., Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel, 549 F. Supp. 540 (S.D.Fla. 1982) is misplaced. In Cobb Coin, the Honorable James Lawrence King found that the extent to which the State had forced a salvor to go to prove its claim supported an award of attorneys' fees and costs explaining in pertinent part:

> In this case, the State has forced the plaintiff to undertake massive litigation to receive a determination of its Federal rights in this forum. This case has nearly 350 pleadings filling seven volumes and has required thirteen days of hearings, eleven on an emergency basis, which generated to this point fifteen volumes of transcripts. Most of the litigation, would have been unnecessary if the State had not intervened and filed its claims and defenses. Most notably, the eleven-day injunction hearing was necessitated by the bad-faith harassment conducted by State officers and attorneys attempting to enforce Florida laws in derogation of this Court's jurisdiction. Under admiralty salvage law, there is a sufficient legal basis to award the plaintiff its attorney's fees and costs.

Id. at 562.

Aside from the lack of a record approaching anything remotely akin to the Cobb Coin situation, this decision -- if anything -- supports an award of attorneys' fees running in favor of HRM. It is HRM who has struggled along in this matter while One Beacon Insurance's greater

might was wielded without concern for judicial resources or the attorneys' fees and costs HRM may incur all in the name of a $1,575.00!

Finally, One Beacon Insurance's citation to LaFarge Conseils et Edutes v. Kaiser Cement & Gypsum Corp.,791 F.2d 1334 (9th Cir. 1986), is blatantly inapplicable to the facts at hand. In that decision, the Court found that the attorneys' fees provision in an electrical supply contract (subject to California state law) should be read as being reciprocal because there was a specific California statute mandating as much! Id. at 1339. This case is neither controlling, nor instructive and should be disregarded. The instant dispute is governed by the general maritime law and there is absolutely no basis by which to allow One Beacon Insurance to recover its attorneys' fees.

Point V

**Plaintiff's Motion For Summary Judgment Should Be Denied and Its Complaint Dismissed For Failure To Properly Initiate This Proceeding As Required By The Federal Arbitration Act**

The Federal Arbitration Act, 9 U.S.C. § 6, states the procedure by which a party makes application to vacate an arbitrator's award as follows: *Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.* (Emphasis added.) Here, One Beacon Insurance filed a "Complaint" which is a patently improper vehicle by which to seek the relief sought. Interior Finish Contrs. Ass'n v. Drywall Finishers Local Union No. 1955, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985) ("In summary, after reading these statutory provisions and rules together, it is clear that a party must file a motion in order to apply to the court to set aside an arbitration. The statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint or an "Application.")

Accordingly, HRM asserts that this Court should deny One Beacon Insurance's Motion for Summary Judgment and dismiss its Complaint with prejudice.

Point VI

**The Court Should Award HRM Its Attorneys' Fees And Costs In Having To Respond To One Beacon Insurance's Complaint**

One Beacon Insurance Company has refused to comply with an enforceable arbitration award without any justification. Thus, the Court should grant attorneys' fees and costs.

One Beacon Insurance's challenge to the Arbitrators' clear authority to award the relatively small costs of the arbitration proceeding violates the judiciary's repeated admonition that losing parties to an arbitration may not seek redress in the courts from a decision that was appropriately rendered. The vessel interests flouting of this principal warrants an award of costs and attorneys' fees to HRM.

The First Circuit has held that attorneys' fees are appropriately granted when a party, without any objectively reasonable basis, refuses to comply with an enforceable arbitration decision, thus forcing the prevailing party to incur the costs associated with an action to compel enforcement. *See*, *e.g.*, Courier-Citizen Company v. Boston Electrotypers Union No. 11, 702 F.2d 273 (1st Cir. 1983); Kraft's Precision Industries, Inc. v. Lodge No. 1836 of District 38, International Association of Machinist and Aerospace Workers, 889 F.2d 1184 (1st Cir. 1989).

For the reasons set forth herein, HRM seeks an award of its attorneys' fees and costs.

Point VII

**HRM's Cross-Motion Seeking Confirmation And Enforcement Of The Award**

When determining whether to uphold or vacate an arbitration award, federal courts apply "one of the narrowest standards of judicial review in all of American jurisprudence." Lattimer-Stevens Co. v. United Steelworkers, 913 F.2d 1166, 1169 (6th Cir. 1990). The First Circuit has

further stated that "[D]isputes that are committed by contract to the arbitral process almost always are won or lost before the arbitrator. Successful court challenges are few and far between." Teamsters Local Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000). As the Court described it in Keebler Co. v. Truck Drivers, Local 170, 247 F.3d 8, 10 (1st Cir. 2001), "[j]udicial review of arbitral awards is 'extremely narrow and exceedingly deferential.'" (citing Bull HN Info. Sys. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000)). In fact, though the arbitrator's award must "draw its essence from the contract that underlies the arbitration proceeding, courts will deem that benchmark achieved as long as the arbitrator [is] even arguably construing or applying the contract and acting within the scope of [his] authority." Cytyc Corp. v. DEKA Prods. Ltd. P'ship., 439 F.3d 27, 32 (1st Cir. 2006) (quotation and internal citation omitted). Thus, a federal court will overturn an arbitrator's interpretation only if "it can be shown that the arbitrator acted in a way for which neither party could have bargained." Local 1445, UFCW Int'l Union, AFL-CIO v. The Stop & Shop Co., 776 F.2d 19, 21 (1st Cir. 1985) (citing Enterprise Wheel & Car, 363 U.S. at 599).

In the instant matter, and based on the foregoing discussion of facts and legal authorities, it is clear that HRM's cross-motion to confirm and enforce the Final Award should be granted. The Final Award presents a reasoned explanation as to the majority's determination of the facts and finds fully in HRM's favor. The quantum of the salvage award and attorneys' fees provided to HRM is reasonable and supported by articulated facts. Further, neither the salvage award nor the allocation of attorneys' fees is challenged. For the reasons set forth herein, One Beacon Insurance's challenge to so much of the award providing for arbitration costs is a patently unsupportable position and should be rejected.

Finally, HRM submits that One Beacon Insurance's failure to tender the full amount of the Final Award is in bad faith and does not entitle it to a cessation of the accruing interest. Therefore, HRM respectfully requests that any Order confirming this award include the additional accrued interest in the manner specified in the Final Award.

Conclusion

Based on the foregoing law and argument, HRM respectfully requests that this Court deny the relief sought by One Beacon Insurance in its entirety, grant HRM's cross-motion confirming and enforcing the Final Award (with an allocation for accrued interest) and provide HRM its attorneys' fees and costs in responding to One Beacon Insurance's Complaint and subsequent motion for summary judgment, and allowing such other, further or different relief as the Court may deem just and proper.[8] HRM respectfully requests that an inquest be scheduled in connection with its application for attorneys' fees and costs.

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
Vetter & White
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

- Pro Hac Vice Counsel -
John K. Fulweiler, Esq.
DEORCHIS & PARTNERS, LLP

Dated: January 22, 2008

[8] It is One Beacon's position that, even if the Court concluded that the arbitrators exceeded ***their*** authority by awarding all arbitration costs to HRM, then it is appropriate for this Court to independently award arbitration costs pursuant to paragraph 7 of the Salvage Contract, which provides that HRM shall be entitled to recover "any costs."

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed this **MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and IN SUPPORT OF DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** on January 22, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly