**UNITED STATES DISRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO: 07-00370-S-DLM**

**ONEBEACON AMERICA INSURANCE COMPANY,**
**Plaintiff,**

**vs.**

**H.R.M., INC. (d/b/a Safe/Sea Marine Rescue & Assistance),**
**Defendant.**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANT'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

Now comes the plaintiff, OneBeacon America Insurance Company, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and submits its Opposition to Defendant's Cross Motion for Summary Judgment and Reply to Defendant Objection to Plaintiff's Motion for Summary Judgment.

## I. JURISDICTION

Defendant correctly notes that review of an arbitration award is very difficult. See for example, *Me. Dent. R.R. Co. v. Bhd. Of Maint. Of Way Employees, 873 F.2nd 425 (1st Cir. 1989).* However, it is not impossible. In the case at bar, the arbitration rules specifically provide that the administrative fees for

the arbitration shall be split equally by the parties. See Section III.B. of the BoatUS Salvage Arbitration Plan attached as Exhibit D to the Stipulation of Undisputed Facts. Both parties executed Agreements to Arbitrate that specifically noted that the arbitration was pursuant to the terms and conditions of the BoatUS Salvage Arbitration Plan. See Paragraph 6 of the Stipulation of Uncontested Facts and the Exhibit C appended thereto. Contrary to this requirement, the Final Award required the Plaintiff to pay the full amount of the administrative fees. See page 4 of the Final Award attached as Exhibit E to the Stipulation of Undisputed Facts.

The Federal Arbitration Act provides at Section 10, 9 U.S.C. §10, for vacation of an award. In particular, subsection 4 allows for vacation of the award "Where the arbitrators exceeded their powers…." Plaintiff maintains that this provision supports the Plaintiff's arguments herein.

There is ample support for Plaintiff's argument. In *J.P. Greathouse Steel Erectors, Inc. v. Blount Bros. Constr. Co., 474 F.2nd 324 D.C. Cir. 1967),* a subcontract between a general contractor and a subcontractor permitted arbitration by either party if any question of

fact should arise under the contract. The contract further provided that each party shall pay one-half the expense of such arbitration. The District of Columbia Circuit Court, per Senior Circuit Judge Edgerton, held that the arbitrators exceeded their authority in requiring the subcontractor to pay all the expenses of the arbitration. *Id. at 325. ("The arbitrators exceeded their authority in other respects also. They required Greathouse to pay all the expenses of the arbitration, although the subcontract provided that 'Each party shall pay one-half the expense of such reference.'").* See also, *Brown-Turner, Inc. v. Complete Machinery & Equipment Co., 5 App Div 2nd 817, 170 NYS2nd 689 (1958),* where the submission provided that each of the parties "shall pay one-half of the expenses of the arbitration". The court therein held that the arbitrators erred in making an unequal division of the expenses of arbitration. The court noted that in view of the provision in the submission, the arbitrators had no power to apportion the expenses in any other manner.

Even more telling is *A.P. Brown Co. v. Superior Court of Pima, 16 Ariz. App 38, 490 P.2nd 867 (1971).* There, the contract provided for the submission of disagreements to arbitration and providing that the

parties would be bound by the provisions of the American Arbitration Association rules. In that matter, the court found the disagreement appropriate for arbitration and ruled that the trial court erred in assessing fee between the parties on the basis that the American Arbitration Association rules provide for the advancement of the fee by the initiating party. The court held that the association's rule as to fees was incorporated into the contract by reference and that the Plaintiffs were bound thereby. *Id at 40, 869.*

The A.P. Brown case is particularly informative, because it is very similar to the fact pattern herein. The Defendants Standard Form Marine Salvage Contract, provides at paragraph 6 that

> 6. In the event of any dispute regarding this salvage or concerning the reasonableness of any fees or charges due hereunder, all parties agree to binding arbitration under the The (sic) BOAT/US SALVAGE ARBITRATION PLAN.

Under the A.P.Brown rationale, not only are the arbitrators prohibited from awarding the administrative fees other than as provided in Section III.B, but the provision of Section III.B is expressly incorporated into the contract and the parties are bound thereby.

Thus, Plaintiff asserts that this court is required to vacate the Arbitration Award to delete any award for the administrative fees.

## II. WAIVER

Generally, arguments not presented to an arbitrator are deemed waived and cannot be raised for the first time in an enforcement action in a district court. *See, e.g., Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 330 F.3d 843, 846 (6th Cir.2003) (stating that a party may waive objection to the jurisdiction of arbitrators); *U.S. Postal Serv.,* 751 F.2d at 841 n. 4 (explaining that one who fails to object promptly to procedural errors made at an arbitration hearing waives the right to later assert those errors); *Order of Ry. Conductors & Brakemen v. Clinchfield R.R. Co.,* 407 F.2d 985, 988 (6th Cir.1969) ("[D]efects in proceedings ... during arbitration may be waived by a party's acquiescence in the arbitration with knowledge of the defect."). In the case at bar, there was no waiver of the argument that the arbitrators exceeded their power in ordering that the administrative fees be paid by the Plaintiffs, contrary to the BoatUS Salvage Arbitration Plan provisions.

In Plaintiff’s initial submission to the arbitration panel, Plaintiff argued “Based upon its inexplicable actions, this panel should preclude the Claimant from recovering a pure salvage award, and award the Respondent its reasonable attorney’s fees, costs, and punitive damages.” Thus, Plaintiff argued that the Defendant was not entitled to any award, including an award of the arbitration administrative fees.

Even if that is not sufficient, the issue was clearly and succinctly brought to the attention of the arbitration panel. The Final Award issued on July 23, 2007. See Stipulation of Undisputed Fact #7 and Exhibit E. On July 25, 2007, Caroline Ajootian, the Director, Consumer Affairs for BoatUS sent an e-mail to the panel Chair Christian Keedy inquiring about the administrative fees. This was initiated as a result of her receiving a call from the attorney for the Plaintiff. See Stipulation of Undisputed Fact #8 and Exhibit F. That e-mail was forwarded to another panel member, John Koster, on July 25, 2007, who responded that the intent was to award the salvor “4. Its arbitration panel fee costs…” See Stipulation of Undisputed Fact #9 and Exhibit G. On July 28, 2007, only five (5) days after the Final Award issued, the attorney for the Plaintiff

sent correspondence to Ms. Ajootian, specifically pointing out the language from the BoatUS Salvage Arbitration Plan. See Stipulation of Undisputed Fact #10 and Exhibit H. In response, that correspondence was forwarded by Ms. Ajootian to the panel chair. She indicated:

> It is my understanding of the Plan's "Guiding Principles" that attorney's fees are not included in the criteria for determining the Award, nor are arbitration costs. A quick reading of the Rhode Island Standard Form Marine Salvage Contract executed by the parties likewise does not mention recovery of arbitration costs.

See Exhibit F attached to the Complaint and Exhibit 1 to the Affidavit of Robert Collins attached hereto. On August 6, 2007, Ms. Ajootian retreated from that position, indicating:

> …it is not within the scope of my office to question or control the Panel's decision. Therefore, the question of whether the Award is appropriate should be explored, if necessary through legal channels.

See Exhibit G attached to the Complaint and Exhibit 2 to the Affidavit of Robert Collins attached hereto.

Thus, not only was the matter clearly brought to the attention of the panel and not waived, it is clear from the correspondence that this whole dispute is the result of the BoatUS Salvage Arbitration Plan's failure

to comply with its own rules and regulations and then failing to correct the award when the discrepancy was brought to their attention.

**III. <u>ADMINISTRATIVE FEES AND EXPENSES</u>**

Defendant argues, without citation to any legal support, that the reference in the salvage contract to "costs" can overcome the explicit rules and regulations of the BoatUS Salvage Arbitration Plan. This is plainly inconsistent with Paragraph 6 of the Salvage Contract. That provision explicitly states that in the event of any dispute then the parties agree to binding arbitration "under the The (sic) BOAT/US Salvage Arbitration Plan." See Stipulation of Undisputed Fact #4 and Exhibit A. This provision incorporates the rules and regulations of the BoatUS Salvage Arbitration Plan, including the provision that administrative fees and expenses are to be split equally by the parties.

In its Motion for Summary Judgment, Plaintiff provided support that the provisions of the plan cannot be varied by the agreement. See for example *Bush v Nationwide Mut. Ins. Co., 448 A.2nd 782 (R.I. 1982); Mobil Oil Corp. v. Local 8-766, Oil, Chemical & Atomic Workers Intern. Union, 600 F.2nd 322 (1st Cir. 1979).*

Even if the Salvage Agreement could vary the terms and conditions of the submission to arbitration, Defendant has failed to account for the difference in language. Defendant correctly notes in its Memorandum that there is no mention of "costs" in the Plan. See page 8 of Defendant's Opposition. A review of the Plan confirms that statement. However, there is a specific reference in two different locations that the arbitration fees are to be split equally. See Section I. (b) and Section III.B. Further, review of the sample Salvage Contract provided at the end of the BoatUS Salvage Arbitration Plan shows that the form that was utilized by the Defendant is the same as the sample form, which by Paragraph 6 incorporates the rules and regulations of the plan. Therefore, the only interpretation that is consistent with the words of the Plan and the Salvage Agreement is that the use of the word "costs" in paragraph 7 of the Salvage Agreement does not include "Administrative Fees and Expenses", which is given extensive reference in Section III.B. of the BoatUS Salvage Arbitration Plan.

**IV. <u>PROCEDURE</u>**

Defendant argues that the Complaint should be dismissed because it was not filed as a Motion. Such

argument is contrary to Rule 3 of the Federal Rules of Civil Procedure and the case law under the Federal Arbitration Act.

Rule 3 of the Federal Rules of Civil Procedure provides “A civil action is commenced by filing a complaint with the court.” There is no question that the issue herein is a “civil action”. In federal practice, a case is brought within the cognizance of the court by filing a complaint. *Reisinger v. Cannon, 127 F.Supp 50 (D.Conn 1954).* Under the Federal Rules of Civil Procedure, an action is not commenced until a complaint has been filed with the court. *C.F. Simonin’s Sons v. American Can Co., 26 F.Supp 420 (D.Pa. 1939).*

The Federal Arbitration Act requires that any application be heard as a motion. 9 U.S.C. §6. However, no case supports the Defendant’s proposition that the Complaint should be dismissed. The case cited by the Defendant, *Interior Finish Contrs.Ass’s v. Drywall Finishers Local Union No. 1955, 625 F.Supp 1233 (E.D.Pa. 1985),* discussed the requirements of Section 6 in the context of a Motion to Remove Default Judgment. Completely missing from that decision, and any decision, is the suggestion that the complaint should be dismissed.

Clearly Rule 3 requires that a matter be commenced by the filing of a complaint. The proposal by the Defendant that the Complaint be dismissed and refiled as a Motion would do nothing more than cause further delay in the resolution of this dispute. The parties have agreed to an expedited briefing schedule, which will enable the matter to be brought before this Honorable Court on a much shortened schedule.

## V. ATTORNEY FEES AND CONFIRMATION

Defendant seeks attorney fees for the defense of this matter for appealing "without an objectively reasonable basis". See page 12 of Defendant's Cross Motion and Objection to Motion for Summary Judgment. On the basis of the arguments presented herein, Plaintiff prays this request be denied.

Additionally, Defendant seeks and order Confirming the Arbitration Award. Id. On the basis of the arguments presented herein, Plaintiff prays this Honorable Court deny the Motion for Confirmation. As previously argued, the arbitrators exceeded their powers in violation of Section 10 of the Federal Arbitration Act, 9 U.S.C. §10(a) (4).

**VI. CONCLUSION**

Based upon the arguments presented herein and in Plaintiff's Motion for Summary Judgment, Plaintiff prays this Honorable Court find that, as a matter of law, the arbitrators exceeded their power in ordering that the full cost of the arbitrators administrative fees be paid by the Plaintiff and vacate the Final Award to delete any requirement that Plaintiff pay the full administrative expense for the arbitration. Plaintiff additionally prays this Honorable Court deny Defendant's Cross-Motion Seeking Confirmation and Enforcement of the Award.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Robert E. Collins"

Robert E. Collins
BBO NO: 2951
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

CERTIFICATE OF SERVICE

Vetter & White
20 Washington Place
Providence, RI 02903
Attn: Michael J. Daly, Esquire

DeOrchis, Wiener & Partners, LLP
61 Broadway, 26th Floor
New York, NY 10006-2802
Attn: John K. Fulweiler, Esquire

I hereby certify that I electronically filed **Plaintiff's Opposition to Defendant's Cross Motion for Summary Judgment and Reply to Defendant's Objection to Motion for Summary Judgment** on January 30, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collin