UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 07-370/S-DLM

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

-----------------------------------------------------------X

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OBJECTION TO CROSS MOTION SEEKING CONFIRMATION AND ENFORCEMENT OF FINAL AWARD**

Defendant H.R.M., Inc. d/b/a Safe/Sea (improperly named in the Complaint as "H.R.M., Inc. d/b/a Safe/Sea Marine Rescue & Assistance") ("HRM"), submits this Memorandum of Law in Reply to Plaintiff One Beacon America Insurance Company's Opposition to HRM's cross-motion seeking an Order, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), confirming and enforcing the July 23, 2007 Final Arbitration Award ("Final Award").

1. This is not HRM's lawsuit. HRM received a favorable arbitration award and instead of paying the same in full, Plaintiff filed suit. In fact, Plaintiff, an insurance company writing coverage for recreational vessels, was so eager to seek retribution, it left its insured on the dock and brought this suit by itself. Without ever having objected to HRM's request for arbitration expenses during the arbitration, Plaintiff's intent must be fairly seen as economic harassment. Plaintiff must not be allowed to use its economic might to forestall the timely payment of arbitration awards and to indirectly punish maritime vendors who it knows it will

likely do business with in the future. Accordingly, HRM's cross-motion seeking to confirm the arbitration award should be granted.

2. The issue of whether the arbitrators exceeded their authority in connection with awarding arbitration expenses was waived when Plaintiff utterly failed to object to HRM's repeated and persistent requests for this specific relief during the course of the arbitration. Petitioner's attempt to suggest otherwise encroaches dangerously on the shoal waters of misrepresentation.

3. First, and significantly, Plaintiff does not contest that the jurisprudence holds that when an issue appears to be submitted to arbitration by the parties and there is no objection to the arbitrator's consideration of a particular issue, a later claim the arbitrator exceeded its authority by considering that claim is waived. *See, e.g.*, Galaxie Boat Ctr. v. ITT Commer. Fin. Corp., 1997 U.S. App. LEXIS 14934 (9th Cir. 1997); Welty v. Brady, 2005 WY 157 (Wyo. 2005).[1] Plaintiff offers no opposition to HRM's statement of the law on this point, and instead insists that it did, in fact, object. Plaintiff did not.

4. Second, Plaintiff cannot point to any submission it made in connection with the arbitration wherein it objected to HRM's stated request for an award of the administrative costs of arbitration. In addition, Plaintiff does not challenge that HRM made such a specific request ("*HRM seeks an award of its arbitrators' fees up to the maximum amount.*") (Initial Submission, p. 13)

5. Third, Petitioner's reference to correspondence it exchanged after the issuance of the arbitration award (and after the arbitration was complete) is not a timely objection to HRM's request for arbitrators' fees and is wholly insufficient to preserve the issue for review.

---

1 See also case law set forth in HRM's earlier filed Opposition to Plaintiff's Motion.

Petitioner's general objection to HRM's claims (not speaking to HRM's specific relief and not made in response to any submission by HRM) is similarly inadequate.

6. Fourth, Petitioner's quotation of correspondence from the administrator of the Salvage Arbitration Plan is irrelevant to the issue of waiver and is not properly considered by this Court. The Administrator is not in privity with the parties, and is not empowered -- under any paradigm -- to interpret or resolve issues of contract interpretation.

7. Even if this Court were to navigate around the issue of waiver and address Petitioner's assertions, HRM must still prevail and is entitled to confirmation of the Final Award.

8 HRM's position is that the award of arbitration expenses was a reasonable outcome in compliance with the terms of the Parties' agreement. The arbitration was commenced pursuant to the Salvage Contract which includes language entitling HRM to "any costs incurred in collection of payments due hereunder." (Prgh. 7) The parties did not abandon their rights under this contract and HRM submits that the language of the Salvage Contract should prevail. Certainly, in J.P. Greathouse Steel Erectors, Inc. v. Blount Bros. Constr. Co., 374 F.2d 324 (D.C. Cir. 1967), a case cited by Petitioner, the Court looked to the contract by which the arbitration arose (here, the Salvage Contract) in deciding the issues therein.

9. At its worst, and for argument's sake, the arbitrators were faced with a conflict between the encompassing language of the Salvage Contract and the Salvage Arbitration Plan. As arbitrators are entitled to do, and in the face of Petitioner's steely silence, they interpreted the agreement existing between the Parties and awarded HRM its arbitration expenses pursuant to Paragraph 7 of the Salvage Contract, but only to the maximum addressed by the Salvage Arbitration Plan being $1,575.00. Furthermore, and significantly, there is no prohibition in the Salvage Arbitration Plan preventing the arbitrators from having allocated arbitration expenses in

this manner. What the arbitrators did was reasonable and did not buck any express provision precluding them from so acting.

10. The Plaintiff interprets the intersection of the Salvage Contract and Salvage Arbitration Plan differently. (Opposition, p. 9) However, Petitioner's interpretation is an academic endeavor because Plaintiff has not and cannot establish -- as is its heavy burden -- that the arbitrators' lacked authority to interpret the parties' agreement in the way that they did. The First Circuit has held, as a general matter, that arbitrators have "broad power to fashion remedies on issues the parties have empowered [them] to resolve." Courier-Citizen Co. v. Boston Electrotypers Union No. 11, International Printing and Graphic Communications Union of North America, 702 F.2d 273, 281 (1st Cir. 1983). Further, the overriding principle under the Federal Arbitration Act is that "any doubts concerning the scope of arbitrable issues," as well as any doubts concerning the scope of the arbitrators' remedial authority, are to be resolved in favor of the arbitrators' authority as a matter of federal law and policy. *See,* Moses H. Cone Memorial Hospital v. Mercury Construction Co., 460 U.S. 1, 24-25 (1983); Willoughby Roofing & Supply Co. v. Kajima International, Inc., 598 F. Supp. 353, 358 (D. Ala. 1984). Here, whatever after-the-fact doubts Plaintiff now raises must be resolved in favor of the arbitrators' authority and not be used to disturb the Final Award.

11. Yes, as set forth in the jurisprudence cited by Plaintiff, an arbitrators' powers are generally limited to the confines of the contractual agreement existing between the parties.[2] However, Plaintiff's case law is not binding on this Court, and is not factually on all fours with the case at bar. For instance, the decision in Brown-Turner, Inc. v. Complete Machinery & Equipment Co., 170 N.Y.S.2d 689 (1958), flowed easily from the facts where the underlying

---

2 *But see,* Kamakazi Music Corp. v. Robbins Music Corp., 684 F.2d 228, 231 (2d Cir.1982) ("Even if the arbitration clause did not encompass Kamakazi's claims, it is hornbook law that parties by their conduct may agree to send issues outside an arbitration clause to arbitration.").

contract for the purchase of real estate apparently did not contain language regarding collection costs.

12. Plaintiff has only objected to so much of the Final Award relating to the allocation of arbitration expenses. As a result, even if this Court should rule against HRM in connection with Petitioner's herein application, HRM's motion to confirm should still be granted as it relates to all other aspects of the Final Award.

Conclusion

Based on the foregoing law and argument, HRM respectfully requests that this Court grant HRM's cross-motion confirming and enforcing the Final Award (with an allocation for accrued interest) and provide HRM its attorneys' fees and costs in responding to One Beacon Insurance's frivolous, bad-faith Complaint and subsequent motion for summary judgment, and allowing such other, further or different relief as the Court may deem just and proper. HRM respectfully requests that an inquest be scheduled in connection with its application for attorneys' fees and costs.

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
VETTER & WHITE
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

- Of Counsel -
John K. Fulweiler, Esq.
DEORCHIS & PARTNERS, LLP

Dated: February 5, 2008

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed this **Reply Memorandum** on February 5, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly