UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 07-370/S

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

------------------------------------------------------------X

**H.R.M., INC.'S NOTICE OF OBJECTION TO MAGISTRATE JUDGE ROBERT W. LOVEGREEN'S REPORT AND RECOMMENDATION**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, notice is hereby given that defendant H.R.M., Inc. (improperly sued herein as "H.R.M., Inc. d/b/a Safe/Sea Marine Rescue & Assistance") ("HRM"), appeals to the United States District Court for the District of Rhode Island from the Magistrate's Report and Recommendation, entered in this action on April 30, 2008. [Dkt. 38] As reasons therefore, HRM submits the accompanying Memorandum of Law.

Respectfully submitted,

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
VETTER & WHITE
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

- Of Counsel -
John K. Fulweiler, Esq.
DEORCHIS & PARTNERS, LLP
DATED: MAY 15, 2008

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed this **NOTICE OF OBJECTION** on May 14, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

----------------------------------------------------------------X
ONE BEACON AMERICA INSURANCE COMPANY,

Plaintiff,

C.A. No.: 07-370/S

vs.

H.R.M., INC. (d/b/a SAFE/SEA MARINE RESCUE & ASSISTANCE),

Defendant.

----------------------------------------------------------------X

**H.R.M., INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO MAGISTRATE JUDGE ROBERT W. LOVEGREEN'S REPORT AND RECOMMENDATION**

NOW COMES defendant H.R.M., Inc. (improperly sued herein as "H.R.M., Inc. d/b/a Safe/Sea Marine Rescue & Assistance") ("HRM"), and hereby appeals to the United States District Court for the District of Rhode Island from Magistrate Judge Robert W. Lovegreen's Report and Recommendation entered in this action on April 30, 2008 [Dkt. 38], recommending that plaintiff's motion for summary judgment be granted, and HRM's motion for summary judgment be denied.

STATEMENT OF CASE

HRM is a professional marine salvor. It rendered salvage services to the M/Y SPRAY nearly two (2) years ago. A dispute arose concerning the amount of the salvage award that HRM sought, and the matter was arbitrated. Ultimately, a salvage award as well as an award of arbitration fees and expenses was issued in favor of HRM.

Plaintiff did not contest the quantum of the salvage award. However, on October 4, 2007, plaintiff filed a Declaratory Judgment seeking to overturn that aspect of the arbitration

award pertaining to the arbitrators' fees and expenses. The matter was ultimately decided on summary judgment motions. The Magistrate found in favor of plaintiff, and denied HRM's cross-motion for summary judgment.

ARGUMENT IN SUPPORT OF OBJECTION

HRM does not object to the Magistrate's decision finding in favor of plaintiff, but rather objects to the denial of its cross-motion for summary judgment to the extent it sought, as an alternative, confirmation of the salvage award which is not (and has never been) contested. HRM submits that the Magistrate erred in summarily denying its cross-motion for summary judgment because plaintiff did not object to any other aspect of the award, and HRM otherwise satisfied the requisites for confirmation of an arbitration award.

It is a matter of the record, that plaintiff never objected to any other aspect of the salvage award, and arguably has waived its right to object because more than three (3) months have passed since the award's issuance. 9 U.S.C. § 12. For the sake of brevity and with an eye towards judicial economy, the Court is respectfully referred to the law and argument accompanying HRM's summary judgment briefing in support of its application for confirmation of the remainder of the arbitration award. (*See*, Point VII, p. 12, Defendant's Objection to Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment; Paragraph 12, p. 5, Defendant's Memorandum of Law in Reply to Plaintiff's Objection to Cross-Motion Seeking Confirmation and Enforcement of Final Award.) (*See, also*, Answer to Plaintiff's Complaint, with Affirmative Defenses and Counterclaims, First Counterclaim, p. 4)

HRM makes this objection to preserve the record on appeal. HRM has tried mightily to resolve this issue without having to file this objection. However, it has been unable to do so

because of the unavailability of opposing counsel due to their vacation schedules. HRM will continue its efforts to make contact with opposing counsel and assuming that opposing counsel is in agreement with HRM's position (which plaintiff's counsel must be based on the representations to date) and assuming plaintiff will not require confirmation of the award prior to issuing payment, HRM will likely be agreeable to withdrawing this objection.[1]

## CONCLUSION

Based on the foregoing, HRM respectfully requests that this Court grant so much of HRM's motion for summary judgment which sought as alternative relief confirmation of that portion of the arbitration award for which there was no objection.

Respectfully submitted,

/s/ Michael J. Daly
Gordon Cleary, Esq., No. 1948
Michael J. Daly, Esq., No. 6729
VETTER & WHITE
20 Washington Place
Providence, RI 02903
Tel.: (401) 421-3060
Fax: (401) 272-6803
mdaly@vetterandwhite.com
gcleary@vetterandwhite.com

- Of Counsel -
John K. Fulweiler, Esq.
DEORCHIS & PARTNERS, LLP

Dated: May 14, 2008

[1] It is reasonable to surmise that plaintiff will not require confirmation of the remainder of the arbitration award as a predicate to payment because it previously tendered payment of the salvage award. That earlier tender was rejected because HRM sought full payment of the arbitration award (including arbitration fees and expenses).

CERTIFICATE OF SERVICE

To:

Kenneth M. Chiarello, Esq.
Robert Collins, Esq.
Clinton & Muzyka, P.C.
Attorneys for Plaintiff
One Washington Mall, Suite 1400
Boston, MA 02108

I hereby certify that I electronically filed this MEMORANDUM on May 14, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above-identified counsel has been effectuated by electronic means.

/s/ Michael J. Daly